UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHELLE NIXON, Individually, and as
Parent and Next Friend of MJ, a Minor Child

    Plaintiff,

    v.

PHILLIP C. GUZZETTA, M.D.,

    Defendant.

Civil Action No. 10-00740 (BAH)

**MEMORANDUM OPINION**

This case is a medical malpractice action arising from a surgery performed on a minor child, MJ, at Children's National Medical Center ("CNMC") in Washington, D.C. on March 8, 2010. Plaintiff Michelle Nixon, individually and on behalf of MJ, is suing the surgeon, Defendant Phillip Guzzetta, for malpractice allegedly committed in connection with the surgery. Defendant Guzzetta has moved the Court to join CNMC as a defendant in this action pursuant to Fed. R. Civ. P. 20(a)(2). For the reasons discussed below, the Court denies the motion for joinder.

    **I.    Factual Background**

The plaintiff's complaint ("Compl.") makes the following allegations.

At the time of the surgery, MJ was a three-year-old girl suffering from torticollis, a neck condition resulting in the tilting of the head to one side. Compl. ¶¶ 7-8. Plaintiff Nixon is MJ's parent. *Id.* ¶ 1. On March 8, 2010, MJ was brought to CNMC for treatment of the torticollis and consulted the defendant. *Id.* ¶¶ 7-11. The defendant recommended and performed a surgical operation to treat the condition. *Id.* ¶¶ 11-14. After the surgery, MJ's parents noticed paralysis in MJ's left arm and notified a nurse. *Id.* ¶ 15. A physician examined MJ's arm, assured the

parents that "all was well," and discharged MJ. *Id.* ¶ 16. The next day, March 9, 2010, MJ was brought back to CNMC and seen in the emergency room, but was not admitted for treatment. *Id.* ¶ 17. The following day, March 10, 2010, MJ was again brought back to CNMC and was seen by the defendant and by a neurosurgeon, Dr. Robert Keating. *Id.* ¶ 19. MJ was then admitted to CNMC and, on the following day, March 11, 2010, Dr. Keating and others performed an operation on MJ to repair a group of nerves known as the brachial plexus. *Id.* ¶¶ 20-21. The plaintiff alleges Dr. Keating informed MJ's parents that the brachial plexus nerves had been severed during the torticollis operation performed on March 8, 2010. *Id.* ¶ 22.

The plaintiff alleges, as of the filing of the Complaint, that MJ "continues to have severe paralysis of her left arm known as Erb's palsy, and has only limited movement of her wrist and fingers." *Id.* ¶ 24. According to the plaintiff, the defendant's treatment of and operation on MJ was negligent or grossly negligent in various ways entitling the plaintiff to compensatory and punitive damages. *Id.* ¶¶ 25-28.

This case is before the Court on diversity jurisdiction. 28 U.S.C. § 1332. The Complaint alleges that the plaintiff is a citizen of Maryland and the defendant is a citizen of the District of Columbia, and that the amount in controversy is greater than $75,000. *Id.* ¶¶ 1-5.

On June 7, 2010, the defendant answered the Complaint, ECF No. 3, and shortly thereafter, on June 15, 2010, filed the instant motion to join CNMC as a defendant pursuant to Rule 20(a)(2).

## II. Discussion

The plaintiff objects to the defendant's motion to join CNMC as a defendant, arguing that it is procedurally improper for an existing defendant to join additional defendants via Rule

2

20(a)(2). The Court agrees that the joinder of CNMC pursuant to Rule 20(a)(2) is not permitted here.

Rule 20(a)(2) states, in relevant part:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

The defendant argues that the requirements of Rule 20(a)(2) have been met because CNMC could be held vicariously liable for his conduct as an CNMC employee and because there is "no question and no dispute that CNMC's alleged liability arises out of the same transaction or occurrence as Dr. Guzzetta's." Def. Mot. for Joinder at 3. Further, the defendant argues, many questions of law and fact would be in common. *Id.*

Even assuming that the defendant's assertions are correct, the defendant cannot overcome the fundamental procedural obstacle that Rule 20(a)(2) provides the framework for plaintiffs to join defendants; it does not provide a mechanism for a defendant to join parties, unless the defendant is asserting a crossclaim or counterclaim. *See Moore v. Cooper*, 127 F.R.D. 422, 422 (D.D.C. 1989) ("Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit."); *see also Moss v. Spartanburg Cnty. Sch. Dist. No. 7*, 2010 WL 2136642, at *2 (D.S.C. May 25, 2010) ("'[A] defendant cannot use rule 20 to join a person as an additional defendant.'") (quoting *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983)); 4 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 20.02[1][b], [2][a][i] (3d ed. 2010) (Rule 20 "may be used by a defendant only if the defendant has asserted a counterclaim or crossclaim in the action. . .The defendant has no right to insist that the plaintiff

3

join all persons who could be joined under the permissive party joinder rule. On the other hand, a defendant may be able to alter the plaintiff's structure of the litigation by impleading third-party defendants, or by moving for joinder of absentees who satisfy Rule 19.").[1]

The language of Rule 20(a)(2) confirms that the rule is not a means for defendants to join additional parties where the defendant has not asserted any counterclaims or crossclaims. Rule 20(a)(2) permits joinder of defendants where a "right to relief is asserted against [the potential defendants] jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2)(A). Here, although the defendant contends CNMC is vicariously liable for any actionable conduct, neither the plaintiff nor the defendant has actually asserted any claims for relief against CNMC.

The defendant also argues that the "addition of CNMC as a defendant in this case would allow CNMC to protect its interest while helping to assure Plaintiff receives any appropriate relief to which she is entitled . . ." Def. Mot. for Joinder at 3. CNMC, however, is the best arbiter of how to protect its own interests, not the defendant. In cases similar to this one, CNMC has indeed moved to intervene in the litigation. *See Muhammad v. Iqbal Rana*, No. 09-cv-1007, ECF No. 69 (D.D.C. Mar. 23, 2010) (cited by the defendant). According to the defendant's submissions, CNMC hired the defendant's counsel in this action. Def. Mot. for Joinder at 2. Therefore, the Court assumes that CNMC has notice of this action and would move to intervene here should it decide that such a motion is in its best interests.

Finally, the defendant argues that joinder would promote judicial economy and fairness. The defendant is concerned about the plaintiff pursuing a tactic of serial litigation against multiple members of a health care team. These concerns were recently addressed by another

---

[1] Rule 19 provides for joinder of required parties. Both the plaintiff and the defendant appear to agree that CNMC is not a required party under Rule 19. *See* Def. Mot. for Joinder at 2; Pl. Mot. for Joinder Opp. at 3.

judge on this Court in an order granting intervention to CNMC in a different malpractice case involving the same counsel as this action:

> Plaintiffs, by fighting to keep CNMC out of this case so that they could proceed first against only one member of [plaintiff's] health care team, despite their acknowledged belief that that team included multiple negligent caregivers, all of whom were employees of CNMC, are essentially seeking to reserve the option of splitting their claims and suing other individual health care providers for the same injuries and damages alleged in this case. In short, were intervention of CNMC to be denied, we could well see the spectacle of Plaintiffs losing this case . . . and then proceeding to sue each and every caregiver one by one until they got the verdict they wanted and/or deemed sufficient. . . . Plaintiffs are trying to preserve not only a second bite of the proverbial apple, but perhaps a third, fourth, or fifth bite. . . . [S]uch tactics are unfair, contrary to the judicial system's strong interest in litigating cases expeditiously and economically, and contrary to the public policy interest in ensuring that multiple law suits which arise from the same set of facts and alleged injuries should be handled in one unitary piece of litigation. In this particular case, were intervention to be denied, CNMC, as the employer of all care givers involved in this tragic incident, could well face numerous lawsuits with significant additional costs and inconvenience.

*Muhammad v. Iqbal Rana*, No. 09-cv-1007, ECF No. 69, at *3 (D.D.C. Mar. 23, 2010) (Kessler, J.). The Court recognizes the defendant's concerns and those of Judge Kessler about judicial economy and fairness. The posture of this case critically differs from *Iqbal Rana*, however: In *Iqbal Rana*, CNMC had moved to intervene and Judge Kessler's comments were made in relation to granting that motion.

The Federal Rules of Civil Procedure provide a mechanism for a defendant to bring a third party into an action where, as here, the defendant asserts the third party would be liable for the plaintiff's claims. Under Rule 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

The Rules also permit a third party to move to intervene in an action of its own accord if it so decides. *See* Fed. R. Civ. P. 24.

5

The defendant's joinder of a third party as a new defendant pursuant to Rule 20, however, is not proper here. Accordingly, the motion for joinder is DENIED.

Date: March 8, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge